IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEONARD SAVAGE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:23-cv-1003-JRR |
| BALTIMORE CITY COMM. COLL., et al., | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The court has before it Defendants Baltimore City Community College (the "College"), Kurt Schmoke, Maleika Hawkins, and Karen Tillary-Williams' (collectively, the "Individual Defendants") Motion to Dismiss (ECF No. 28; the "Motion) the Complaint (ECF No. 1) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Motion is unopposed.[1] For reasons set forth below, the Motion is granted.

I.      INTRODUCTION

The court accepts as true all well-plead facts set forth in the Complaint for purposes of

---

[1] Also before the court is Plaintiff's Motion to Waive Administrative Exhaustion at ECF No. 4, which will be denied as moot; and Plaintiff's motion to voluntarily dismiss the complaint without prejudice (ECF No. 36), which Defendants oppose (ECF No. 37). Plaintiff's articulated reasons for his request to dismiss the complaint without prejudice are that he lacks faith in the court, he is not prepared to litigate his claims, and Defendants' "resistance." In view of the time, expense and effort Defendants have invested in this action, the court agrees that Defendants will suffer needless and unfair prejudice if called upon to defend this action in the event Plaintiff elects to institute another action on the same bases set forth in the complaint. The court therefore exercises its discretion to disallow Plaintiff from voluntarily dismissing this action and will rule on the Motion. Fed R. Civ. P. 41(a)(2). Because Plaintiff has elected not to respond to the Motion, the court is "entitled, as authorized, to rule on the [] motion and dismiss [the] suit on the uncontroverted bases asserted therein." *Pueschel v. U.S.,* 369 F. 3d 345, 354 (4th Cir. 2004); *see also Daulatzai v. Maryland,* 340 F.R.D. 99, 105 (D. Md. 2021) (providing that "[g]enerally, courts will only deny unopposed motions to dismiss 'when the motion is plainly lacking in merit.'")(quoting *White v. Wal Mart Stores, Inc.,* Civ. No. ELH-14-0031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014)). As more fully set forth herein, the Motion has merit.

ruling on the Motion. The Complaint consists of 29 (mostly) handwritten pages, as well as approximately 70 pages of various exhibits. It is difficult to navigate. As the court understands it, Plaintiff quotes and relies upon various internal policies of the College, the United States Constitution, and statutes to complain that the College and the Individual Defendants violated the College's policies and protocols, and the law, in connection with Plaintiff's effort to enroll in a class in the fall of 2022 with the aid of financial assistance. Specifically, Plaintiff complains he struggled to complete FAFSA forms (Free Application for Financial Student Aid) and that the College and Individual Defendants violated school policy, and his due process and other rights, by failing to assist him, which, he alleges, caused him great harm. Plaintiff also alleges that he is elderly and that Defendants victimized him based on his status as an elderly and vulnerable person, and that he suffers from severe mental illnesses (to include suicidal ideation) which cause him to feel "tortured" by Defendants' actions/inactions. Plaintiff contends that Defendants helped other students and applicants, failed to help him, victimized him, defrauded him, and basically violated their duties to him, which resulted in his inability to enroll (and receive financial assistance) and other enumerated harms.

Plaintiff is a Baltimore City resident in his 70s. The College is a state institution of higher education located in Baltimore City. MD. CODE ANN., EDUC. § 16-503. Defendant Kurt Schmoke is the President of the University of Baltimore and chairs the College Board of Trustees of the College. Defendants Maleika Hawkins and Karen Tillery-Williams are College employees; Defendant Garcia is also alleged to be a College employee.[2]

Plaintiff enrolled in a constitutional law class at the College in August 2022. In connection

---

[2] The court takes judicial notice of Schmoke's status in these regards, as it is a matter of public record. Garcia is not represented by counsel for movants; and she appears never to have been served with process. The court notes further that the Complaint makes reference to an unknown individual College employee (whom Plaintiff refers to as "Jane Doe" and identifies as a Defendant). The court's analysis inures to the benefit of all Defendants – including College employees or officers that Plaintiff has not served or identified by proper name.

with his enrollment, he tried to complete FAFSA forms for financial aid. The Individual Defendants working in the College offices did not help Plaintiff in a manner he felt was satisfactory; they did, however, assist other students, including Black students. After that, in December 2022, a College professor helped Plaintiff to set up an account with ECSI, a third party student aid processor for the College. Nonetheless, Plaintiff continued to encounter difficulty with the financial aid forms. During this period, Plaintiff was "denied knowledge" of the standard student orientation process. Shortly thereafter, in December 2022, Defendant Hawkins told Plaintiff that his FAFSA forms had not been properly completed, but in February 2023, ECSI informed Plaintiff that he had been sent a student aid refund via paper check, even though Plaintiff asked for an electronic deposit.

Based on these perceived wrongs, Plaintiff brings this action seeking redress for violation of his constitutional rights, elder abuse, fraud, and other wrongs.

II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Id.* A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, 'the facts alleged in the

3

complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration."")). "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*

Defendants raise a facial challenge to the court's subject matter jurisdiction, asserting that the doctrine of sovereign immunity bars Plaintiff's recovery. The defense of sovereign immunity is a jurisdictional bar, because "sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. General Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). Because sovereign immunity is akin to an affirmative defense, a defendant bears the burden of demonstrating that sovereign immunity exists. *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014).

<u>Federal Rule of Civil Procedure 12(b)(6)</u>

A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint. It does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*,

4

178 F.3d at 244 (*citing Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. PX-21-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.   SOVEREIGN IMMUNITY

Plaintiff asserts civil rights claims under 42 U.S.C. § 1983. The College is immune from suit pursuant to the Eleventh Amendment. *Weller v. Dep't of Soc. Serv's for City of Balt.*, 901 F.2d 387, 397 (4th Cir. 1990). Further, sovereign immunity bars Plaintiff's claims against the College, because it is an instrumentality or agency of the state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-102 (1984); *Samuels v. Tschechtelin*, 135 Md. App 483, 521 (2000); MD. CODE ANN., EDUC. § 16-503 ("The College is an institution of higher education of the State of Maryland."); *MedSense LLC v. Univ. Sys. of Maryland*, 420 F.Supp.3d 382, 391 (D. Md. 2019). While exceptions to Eleventh Amendment sovereign immunity exist, none applies here. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Frew ex rel. Frew*

*v. Hawkins*, 540 U.S. 431, 437 (2004); *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002); *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012). Therefore, the Court lacks subject matter jurisdiction over Mr. Savage's § 1983 civil rights claims against the College.

IV. INDIVIDUAL DEFENDANTS AND QUALIFIED IMMUNITY

Government officials sued in their individual capacities under § 1983 are immune from claims for damages if their conduct does not violate clearly established constitutional rights of which a reasonable person would know. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017). Whether qualified immunity applies requires examination of (1) whether the alleged facts establish a violation of a constitutional right, and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Importantly, the court need not conduct this analysis in that order and if "it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right," the court need not reach the first inquiry. *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

Plaintiff offers no basis for the court to conclude that a reasonable government official (College employee or officer) would have believed there was a clearly established constitutional right to the College student handbook, College orientation, or any other alleged component of the College enrollment process. Further, Plaintiff has alleged no facts to suggest he has established property right or constitutional entitlement to financial aid, and the court finds none. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); 34 C.F.R. § 690.6(c)(4); *see also* Calculating the Federal Pell Grant https://fsapartners.ed.gov/sites/default/files/2021-03/0102Vol3Ch2calcVer4.pdf.

## V. RACE-BASED DISCRIMINATION

Giving the Complaint a liberal construction, to the extent Plaintiff alleges he was subject to race-based discrimination, he fails to allege even rudimentary allegations on which to pursue such a claim under any rubric. Other than general averment that he observed Defendants assisting Black students and that he did not receive help, Plaintiff's Complaint states no basis on which relief could be granted for alleged race-based discrimination in the college enrollment process or financial aid acquisition.

## VI. FEDERAL ELDER JUSTICE ACT

Plaintiff alleges Defendants violated his rights under the Elder Justice Act, a federal health and welfare program to promote elder justice. 42 U.S.C.A. §§1397j – 1397m-5. The Elder Justice Act does not create a private cause of action. Therefore, Plaintiff fails to state a claim for relief on this basis.

## VII. CONVERSION, FRAUD, CIVIL CONSPIRACY, AND FAMILY LAW

Plaintiff appears to allege that Defendants converted his property by failing to assist him to obtain financial aid – specifically, Pell Grant funds. Plaintiff also alleges Defendants defrauded, and conspired to defraud, him in this regard. As best the court can discern, Plaintiff seeks to bring state common law tort claims for conversion, fraud, and civil conspiracy (to engage in conversion and/or fraud). The court declines to extend supplemental subject matter jurisdiction over these claims in view of the absence of any viable federal claim. 28 U.S.C. § 1367(c)(3), *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 2004).

Plaintiff also refers to the Maryland state Family Law Article to state a claim that he is a vulnerable adult within the meaning of the statute. MD. CODE ANN., FAM. LAW §§ 14-101, 14-302). Plaintiff has no private right of action against Defendants based on this statute; and, in

7

any event, states no facts on which the court might reasonably find that he satisfies the statutory definition of "vulnerable." *See id.* at § 14-101(q), which defines "vulnerable adult" as "an adult who lacks the physical or mental capacity to provide for the adult's daily needs." Further, as with Plaintiff's civil rights claims, the College is immune from suit. Finally, even if these barriers did not prevent Plaintiff's recovery based on Maryland family law, the court declines to extend supplemental jurisdiction. 28 U.S.C. § 1367(c)(3), *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 2004).

VIII.   CONCLUSION

For the reasons set forth herein, the Motion at ECF No. 28 is GRANTED; the Complaint (ECF No. 1) is DISMISSED; and the Motions at ECF Nos. 4 and 36 are DENIED AS MOOT. Madam Clerk shall close this case and transmit a copy of this Memorandum Opinion and Order to all parties.

March 7, 2024

/S/

_____
Julie R. Rubin
United States District Judge